No. 11,817.

## BROOKER ET AL. *v.* SPRAGUE ET AL.

JUDGMENT.—*Lien.—Sheriff's Sale.*—A judgment lien upon lands is not divested by sale and conveyance of the lands, and a purchaser at sheriff's sale upon execution to satisfy the judgment takes title, where it does not appear that the debtor had other property which should have been first exhausted.

From the Superior Court of Marion County.

*B. F. Davis, S. A. Forkner, J. H. Ewick* and *J. S. Harvey,* for appellants.

*J. A. Pritchard,* for appellees.

BICKNELL, C. C.—This suit was commenced by Lena Brooker against the appellees, to quiet her title to certain real estate. Her complaint alleged that she was the owner of said real estate, and had been its owner ever since March 14th, 1879. This suit was commenced in December, 1880.

The complaint further alleged that the defendants had caused said real estate to be advertised for sale to satisfy a pretended judgment lien of the defendant Laura Sprague, which was a cloud upon the plaintiff's title.　Wherefore, etc.

The defendants' answer was the general denial; and they filed a cross complaint assailing the plaintiff's title; the cross complaint was answered by a general denial, under which, by agreement, all defences to the cross complaint were to be given in evidence.　At this stage of the proceedings the plaintiff died, and the appellants, the surviving husband and the father of the deceased, became plaintiffs in her stead, as her only heirs at law.

The cause was tried at a special term of the court in February, 1884, by the court without a jury.　At the request of the parties, the court made a special finding of the facts and stated conclusions of law thereon.　The special finding was, in substance, as follows:

1. Thomas Brooker, on or about the 15th day of February, 1877, was a single man and the owner of said real estate, and of other real estate, all of which was in said county of Marion.

2. At the date last mentioned, Lena Starl was the wife of Frank Starl, but was not living with him.

3. At about the date last mentioned, said Thomas Brooker and Lena Starl agreed to marry each other.　She then had a suit for divorce pending against her said husband, and the marriage agreed upon between her and Brooker was not to take place until after her divorce should be obtained.

4. As a consideration for said contract by said Lena, said Brooker, at the time the contract was made, executed and delivered to her, and she then accepted, a deed in fee simple for the said real estate, duly acknowledged by him.

5. Said Lena obtained her divorce on the 10th day of March, 1877, but her husband was not a resident of Indiana, and had been notified of the suit for divorce by publication only, and by the decree of divorce said Lena was prohibited

from marrying again within the period of two years after the date of said decree.

6. Notwithstanding said prohibition, said Brooker and said Lena were married to each other on the 25th of March, 1877, in said county of Marion, if under said prohibition they were capable of marriage, and she lived with him as his wife until February, 1883, and then died leaving the said Brooker and her father, Rudolph Goodnecht, her only heirs at law.

7. The deed aforesaid was not put on record, it was lost or mislaid, and could not be found; she had possession of it until its loss; she made no conveyance of said real estate, but held it and claimed title thereto until she died.

8. The value of said real estate, when conveyed as aforesaid to said Lena, was $3,000, and said Brooker then owned other real estate of the value of $4,000.

9. When said deed to said Lena was executed as aforesaid, said Brooker was indebted as follows: A judgment in the Marion Circuit Court in favor of Henry Weber and against said Brooker, dated October 7th, 1871, for $101.80; a judgment in the same court, dated November 18th, 1876, for $143, in favor of one Joseph Stemmons against said Brooker; a judgment in the same court, dated March 5th, 1877, for $120.40, in favor of one —— Long against Ross & Lyon, dated March 5th, 1877, on which said Brooker was replevin bail for stay of execution. Said judgments had been assigned for value to the defendant Laura Sprague, and with interest and costs were unpaid, and were liens upon said real estate conveyed to said Lena, and also upon the other real estate of said Brooker, when said conveyance to Lena was executed.

10. Executions were issued on said judgments and were levied by the sheriff of Marion county, upon all the real estate of said Brooker, including that described in the complaint, and the same was advertised to be sold under the execution issued on the judgment in favor of —— Long, and on the day of sale, to wit, on December 27th, 1880, said

sheriff did sell the land mentioned in the complaint to the defendant Laura F. Sprague for $500, without relief from valuation or appraisement laws, she being the highest and best bidder, and such sale being authorized by the judgment. Said Laura paid to the sheriff said $500 and took from him a certificate of the sale. The other real estate aforesaid of said Brooker was sold at the same time to other parties by said sheriff.

11. At the time of said sale the property so levied on and sold to said defendant Laura Sprague was worth, with the improvements thereon, $2,700.

12. On the 21st of December, 1880, said Lena Brooker, then living, notified the defendants that she was the owner in fee simple of said land described in the complaint and afterwards sold to said Laura as aforesaid, and at the said sale, and before the land was offered for sale, she notified the sheriff and the bystanders that she was such owner, and forbade the sheriff to sell, and said Laura and others to bid; but, notwithstanding such notices, the sheriff sold as aforesaid, and said defendant Laura bought as aforesaid, before any of the other real estate levied upon was offered for sale.

13. Prior to said 21st day of December, 1880, the said Laura F. Sprague had no notice that said Lena claimed to own said real estate, or any part of it.

14. Before said 27th of December, 1880, the notary who prepared the deed to said Lena and took the acknowledgment of it in February, 1877, at the request of said Brooker and Lena, made a copy of said lost deed, and said Brooker signed it, and said notary took and certified an acknowledgment thereof. When the first deed was acknowledged said officer was really a notary public; but when he took and certified the acknowledgment of the second deed, he was not a notary public. Said second deed was delivered to said Lena, and on the day of said sheriff's sale, but before the sale it was recorded in the recorder's office of said Marion county, and before it was given to the recorder for record, its date was

changed by said Lena from March 14th, 1877, the date placed therein by the party who took the acknowledgment, to March 14th, 1876, and her reason for making such change is not satisfactorily explained by the evidence.

15. Said defendant Laura F. Sprague took possession of said real estate immediately after her said purchase, and has ever since held such possession, and there having been no redemption from said sale, she, on the 28th day of December, 1881, received the sheriff's deed for said real estate, which deed was duly recorded, and she has received the rents and profits of said real estate from the date of her said purchase to the present time.

16. On said 27th day of December, 1880, the day of said sale, said Lena Brooker, then living, commenced the present suit.

17. The rental value of the said real estate from the date of the sale to Mrs. Sprague until the present time is $27 per month, aggregating $980.

Upon the foregoing facts the following conclusions of law were stated, in substance:

1. Said conveyance by Thomas Brooker to said Lena Starl was subject to the liens of the said judgments mentioned in the finding and existing at the time.

2. Said marriage contract was void and illegal, and said deed, executed and delivered at the time, had no binding force in law, and was and is invalid.

3. Said marriage between said Thomas Brooker and Lena Starl was invalid, having been consummated in contravention of the law and of the order and judgment of the court made in pursuance thereof.

4. The said sale by the sheriff to Mrs. Sprague, and his deed to her, were valid, and by virtue thereof she is now the lawful owner of said real estate.

5. The plaintiffs are not entitled to the relief demanded, but the defendant Laura F. Sprague is entitled to have her title to, and the possession of, the said real estate forever quieted in her as against the plaintiffs.

To these conclusions of law, and to each of them, the plaintiffs excepted.

Judgment was rendered quieting the title of the defendant Laura F. Sprague, and the judgment also declared that "the pretended copy of a deed executed by Thomas Brooker to Lena Starl, pretending to convey to her the above described real estate, bearing date March 14th, 1876, be set aside and held for naught." From this judgment the plaintiffs appealed to the superior court in general term. There was no objection made to the form of the judgment, and no motion was made to correct or modify it.

In the general term the appellants' assignment of errors contained three specifications, but the substance of all of them is that the court erred in each of its conclusions of law. The court in general term affirmed the judgment of the court in special term.

The plaintiffs appealed to this court. The error assigned here is that the superior court in general term erred in affirming the judgment of the court in special term. The second and third conclusions of law need not be considered, because, under the special findings, the judgment of the court and the other conclusions of law are right, whether the marriage contract, and the deed made in consideration thereof, and the marriage itself, are void or valid.

The special findings show that the original deed under which the appellants claim, and the alleged copy of it, were executed long after the rendition of all the judgments held by Laura Sprague; her judgments, therefore, were valid liens upon all the land, and the sale to her by the sheriff of the land in controversy was a valid sale. The findings do not show that there was any other property of the judgment debtor which ought to have been sold before the land in controversy was sold, and the action of the said Lena Brooker at the sale, and a few days before the sale, in claiming that she was the owner of the land and forbidding the

sale, amounted to nothing. The superior court in general term committed no error in affirming the judgment of said court in special term.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Oct. 18, 1884. Petition for a rehearing overruled Jan. 22, 1885.